IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Robert S Fister<br>        Debtor | CHAPTER 13 |
| Rocket Mortgage, LLC f/k/a Quicken Loans, LLC<br>        Moving Party<br>vs. | NO. 22-12447 DJB |
| Robert S Fister<br>        Debtor | |
| Kenneth E. West<br>        Trustee | 11 U.S.C. Section 362 |

## **STIPULATION**

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. As of September 22, 2025, the post-petition arrearage on the mortgage held by Movant on Debtor's residence is **$5,763.99**. Post-petition funds received after September 22, 2025, will be applied per the terms of this Stipulation as outlined herein. The arrearage is itemized as follows:

Post-Petition Payments:    July 2025 through September 2025 at $1,921.33 each
**Total Post-Petition Arrears:**    **$5,763.99**

2. The Debtor shall cure said arrearages in the following manner:

a). Beginning **October 2025** and continuing through **February 2026**, until the arrearages are cured, Debtor shall pay the present regular monthly mortgage payment of **$1,921.33** (or as adjusted pursuant to the terms of the mortgage) on or before the first (1st) day of each month (with late charges being assessed after the 15th of the month), plus an installment payment of **$960.67** towards the arrearages on or before the last day of each month, with a final installment payment of **$960.64** due **March 2026**, at the address below:

Rocket Mortgage, LLC f/k/a Quicken Loans, LLC
635 Woodward Ave, Detroit, Michigan 48226

b). Maintenance of current monthly mortgage payments to Movant thereafter.

3. Should Debtor provide sufficient proof of payments made, but not credited (front & back copies of cancelled checks and/or money orders), Movant shall adjust the account accordingly.

4. In the event the payments under Section 2 above are not tendered pursuant to the terms of this stipulation, Movant shall notify Debtor and Debtor's attorney of the default in writing and the Debtor may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor should fail to cure the default within fifteen (15) days, Movant may file a Certification of Default with the Court and the Court may enter an Order granting Movant relief from the automatic stay and waiving the stay provided by Bankruptcy Rule 4001(a)(3).

5. If the case is converted to Chapter 7, Movant shall file a Certification of Default with the court and the court may enter an order granting Movant relief from the automatic stay.

6. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

7. The provisions of this stipulation do not constitute a waiver by Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

8. The parties agree that a facsimile signature shall be considered an original signature.

Date: September 23, 2025

/s/ Matthew Fissel
Matthew Fissel, Esq.
Attorney for Movant

Date: 10/7/2025

/s/ Robert J. Lohr II
Robert J. Lohr, II, Esq.
Attorney for Debtor

No Objection
/s/ LeeAne O. Huggins

Date: October 14, 2025

Kenneth E. West
Chapter 13 Trustee

Approved by the Court this _____ day of _____, 2025. However, the Court retains discretion regarding entry of any further order.

Bankruptcy Judge
Derek J. Baker

**Date: October 24, 2025**